[Cite as *Seibert v. Seibert*, 2012-Ohio-3725.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

NICOLE E. SEIBERT                          :

    Plaintiff-Appellant                :        C.A. CASE NO.    2012 CA 17

v.                                         :        T.C. NO.    08DR160

SCOTT A. SEIBERT                           :        (Civil appeal from Common
                                                    Pleas Court, Domestic Relations)
    Defendant-Appellee                 :

                                           :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    17th    day of    August   , 2012.

. . . . . . . . . .

ERIC M. SOMMER, Atty. Reg. No. 0066363, 8 N. Limestone Street, Suite B, Springfield,
Ohio 45502
    Attorney for Plaintiff-Appellant

VALERIE JUERGENS WILT, Atty. Reg. No. 0040413, 333 N. Limestone Street, Suite 104,
Springfield, Ohio 45503
    Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    Plaintiff-appellant Nicole E. Seibert appeals a decision of the Clark County

Court of Common Pleas, Domestic Relations Division, sustaining defendant-appellee Scott A. Seibert's motion to modify child support filed on November 1, 2010; sustaining Scott's motion for Nicole to be held in contempt filed on August 25, 2011; and overruling Nicole's motion to modify parenting time filed on September 14, 2011.

{¶ 2}    Scott and Nicole were married on October 16, 1993, in Gatlinburg, Tennessee.  The parties produced two children during their marriage: to wit, H.K.S., born January 25, 1996; and M.C.S., born March 5, 1998.  Nicole filed a complaint for divorce on February 19, 2008.  On April 6, 2009, the parties were granted a divorce.  On the same date, the parties entered into shared parenting plan regarding the two minor children.  According to the plan, Scott was ordered to pay spousal support to Nicole in the amount of $450.00 a month.  The parties agreed that no child support would be paid.  A child support worksheet, however, was completed, and Nicole's child support obligation was calculated to be $305.35 per month.  By agreement of the parties, this resulted in a downward deviation of Scott's spousal support obligation by the amount of $305.00, requiring him only to pay approximately $150.00 per month to Nicole for spousal support. The reduced amount of spousal support to be paid to Nicole also reflected the parties' agreement that she be able to spend more time with the children than the standard order of visitation permitted.

{¶ 3}    On November 1, 2010, Scott filed a motion to terminate the parties' shared parenting plan.  Subsequently, on June 27, 2011 the parties agreed to terminate the shared parenting plan and Scott was designated as the residential parent and legal custodian of the two minor children.  According to the new agreement, the parties noted that any issues regarding the payment of child support remained unresolved.  Additionally, Nicole

"represented that there is a potential issue of spousal support which she intends to file with the Court." We note that the record is devoid of any subsequent motion requesting a modification of Nicole's spousal support.

{¶ 4} On August 25, 2011, Scott filed a motion for contempt in which he alleged that Nicole failed to comply with her obligation to maintain her monthly payment for one-half of the children's medical expenses as required by the June 27, 2011, agreed order. On September 14, 2011, Nicole filed a motion to modify the parenting schedule regarding her visitation with M.C.S.

{¶ 5} On January 11, 2012, a hearing was held before the trial court wherein both parties presented evidence regarding all three pending motions. On February 16, 2012, the trial court issued a written decision in which it sustained Scott's two pending motions and overruled Nicole's single pending motion for modification of parenting time with M.C.S. In light of evidence adduced at the hearing, Nicole was ordered to pay $622.67 per month in child support for H.K.S. and M.C.S. We note that although the trial court found that Nicole was in contempt for failure to make timely payments towards the children's medical expenses, she was not sanctioned because she paid Scott the money she owed him during the pendency of the contempt motion. Nicole filed a timely notice of appeal with this Court on March 15, 2012. Execution of the trial court's judgment was stayed by this Court pending the outcome of Nicole's appeal.

{¶ 6} Nicole's first assignment of error is as follows:

{¶ 7} "A TRIAL COURT ERRS WHEN IT CALCULATES A CHILD SUPPORT OBLIGATION USING AN INACCURATE FIGURE FOR THE INCOME OF THE

OBLIGOR."

{¶ 8}    In her first assignment, Nicole contends that the trial court erred when it miscalculated the amount of her child support obligation.  Specifically, Nicole argues that the evidence adduced at the hearing did not support the higher amount of income that the trial court imputed to her with when it calculated the amount of child support that she owed to Scott.

{¶ 9}    The decision whether to impute income to a parent for purposes of calculating child support is a factual determination, and the trial court's decision will not be reversed on appeal absent an abuse of discretion. *Worch v. Worch*, 2d Dist. Darke No. 1502, 2000 WL 376643 (April 14, 2000).   As the Supreme Court of Ohio has determined:

> "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable.  (Internal citation omitted).  It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.
>
> A decision is unreasonable if there is no sound reasoning process that would support that decision.  It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.  *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 10}    The following evidence was adduced with respect to Nicole's income for the

years 2009, 2010, and 2011:

> 1) 2009 W-2 Form - gross income listed as $29,137.88 (Plaintiff's Ex. 3)
>
> 2) 2010 W-2 Form - gross income listed as $32,794.81 (Plaintiff's Ex. 2)
>
> 3) PNC Bank Pay Stub for 12/18/2010 - 12/31/2010 - $34,099.23 (Defense Ex. S)
>
> 4) PNC Bank Pay Stub for 12/17/2011 - 12/30/2011 - $38,191.05 (Plaintiff's Ex. 1)

**{¶ 11}** In 2009, Nicole's child support obligation was calculated to be $305.00 per month. In its decision modifying Nicole's support obligation, the trial court specifically stated that "the credible evidence suggests that Ms. Seibert's base pay for the year 2011 was $38,191.00 *plus she received an additional $5,000.00 in overtime; bonuses; or training compensation; thereby resulting in gross annual income of $43,191.00.*" Based on its calculations, the trial court utilized the sum of $43,191.00 as Nicole's gross annual income for child support purposes. The trial court also noted that Nicole was receiving $150.00 per month in spousal support payments from Scott and took those payments into account as additional income for purposes of establishing her child support obligation.

**{¶ 12}** Upon review, we conclude that the record does not support the trial court's calculations regarding Nicole's child support obligation. Nicole's year-end pay stub from 2011 indicates that her base pay in that year was $33,698.00. The 2011 pay stub indicates that her gross income from that year, including overtime and training commissions was $38,191.05. Even including Nicole's spousal support payments for 2011, her gross income rises only to $39,991.05. There is no evidence in the record which supports the trial court's

finding that Nicole's gross income for 2011 was $43,191.00 or that she received an additional $5,000.00 in addition to her gross annual income in 2011 of $38,191.05. Accordingly, it was error for the trial court to utilize the sum of $43,191.00 when it calculated Nicole's child support obligation.

{¶ 13} Nicole's first assignment of error is sustained.

{¶ 14} Nicole's second and final assignment of error is as follows:

{¶ 15} "A TRIAL COURT ERRS WHEN IT IGNORES AN AGREED DEVIATION FROM GUIDELINE SUPPORT WHEN THAT DEVIATION IS BASED, AT LEAST IN PART, UPON A WAIVER OF SPOUSAL SUPPORT THAT WOULD OTHERWISE HAVE BEEN PAID TO THE CHILD SUPPORT OBLIGOR BY THE CHILD SUPPORT OBLIGEE."

{¶ 16} In her final assignment, Nicole argues that the trial court erred when it ignored the parties' agreed upon deviation from her original child support obligation which was based upon her waiver of half of the amount of spousal support to which she was entitled. Nicole asserts that when the trial court terminated the deviation, she was "deprived of the benefit of the bargain she had struck" with Scott regarding spousal support. Essentially, Nicole appears to be asking us to determine how much of the child support deviation from the 2009 shared parenting plan and divorce decree was allocated to spousal support and how much of the deviation was allocated to additional parenting time and to increase the amount of spousal support she receives accordingly.

{¶ 17} At the hearing, Nicole testified that she and Scott had originally agreed that she was entitled to spousal support in the amount of $450.00 per month. Other than

Nicole's testimony, however, there is no evidence in the record to support her assertion that she was seeking $450.00 in spousal support at the time of the parties' divorce. Scott testified that there was no precise dollar amount attributed to the waiver of child support for parenting time compared to the waiver of a certain amount of spousal support.

{¶ 18}   Initially, we note that Nicole failed to file any motions with the trial court requesting a modification of her spousal support award. If Nicole believed that she was entitled to an increase in her spousal support award and desired an increased amount offset against her child support obligation, it was her obligation to request such a modification from the trial court by way of motion. In its decision, the trial court noted that no motion to modify spousal support was before the court. Accordingly, any issue regarding the modification of Nicole's spousal support award is not properly before this Court, and she has waived her argument for the purposes of the instant appeal.

{¶ 19}   Nicole's second assignment of error is overruled.

{¶ 20}   Nicole's first assignment of error having been sustained, the judgment of the trial court regarding the amount of Nicole's monthly child support obligation is reversed and remanded for proceedings to determine the correct amount of her monthly obligation. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Eric M. Sommer
Valerie Juergens Wilt
Hon. Thomas J. Capper